Case 4:19-cv-02493   Document 16   Filed on 08/31/20 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
September 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACY BENTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-2493 |
| | § | |
| S S D ENTERPRISES, INC. d/b/a THE RITZ HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is the defendant's, SSD Enterprises, Inc., d/b/a The Ritz Houston, motion for summary judgment [DE 12]. Also, pending is counsel's response to the defendant's motion that points to a pending motion to withdraw. *See* [DEs 13, 10, 11 respectively]. After a review of the pleading, motion and response the Court determines that the motion for summary judgment should be granted.

The pleadings in the case reflect that the plaintiff, who claims to be an exotic dancer, filed this suit claiming that the defendant violated the Fair Labor Standards Act ["FLSA"] by failing to pay the minimum wage to her for the period from 2005 to March 2019. She asserts that the defendant misclassified her as an independent contract in violation of the FLSA that requires a minimum wage for each week of 40 hours of work.

The defendant responded to the plaintiff's suit and, shortly thereafter, was met with the plaintiff's counsel's motion to withdraw due to what he refers to as an "irreconcilable rift". In short, counsel asserts that from October 2019 to the present time, he has not been able to communicate with the plaintiff. As a result, the plaintiff's counsel does not have the necessary support or facts to oppose the defendant's motion for summary judgment.

In an affidavit attached to the defendant's motion, the defendant asserts that its records do not reflect that the plaintiff was even employed by the defendant. The defendant's business records and the personal knowledge of the affiant establish that the plaintiff never worked for the defendant. *See* [DE 12-1]. This affidavit stands unchallenged by controverting facts. Therefore, the Court accepts the affidavit as a true factual statement.

Federal Rule of Civil Procedure, Rule 56, authorizes summary judgment against a party who fails to make a sufficient showing of the existence of disputed fact concerning an element essential to the party's case on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). The status of the case, at this juncture, reveals that no genuine issue of any material fact exists and the defendant entitled to judgment as a matter of law. Fed. R. Civ. P., 56(a).

Therefore, the Court GRANTS the defendant's motion for summary judgment. The Court also grants the plaintiff's counsel's motion to withdraw and enters a Final Judgment in behalf of the defendant.

It is so Ordered.

SIGNED on this 31st day of August, 2020.

_____
Kenneth M. Hoyt
United States District Judge